UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JAMES CLICK, individually and on behalf of all others similarly situated, | Case No. _____ FLSA Collective Action |
| v. | |
| MERCEDES-BENZ USA, LLC, a Foreign Limited Liability Company | |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

#### SUMMARY

1. Like many other companies across the United States, Mercedes-Benz's timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2. That hack led to problems in timekeeping and payroll throughout Mercedes-Benz's organization.

3. As a result, Mercedes-Benz's workers who were not exempt from overtime under federal law were not paid for all overtime hours worked or were not paid their proper overtime premium after the onset of the Kronos hack.

4. James Click is one such Mercedes-Benz worker.

5. Mercedes-Benz could have easily implemented a system to accurately record time and properly pay non-exempt hourly and salaried employees until issues related to the hack were resolved.

6. But it didn't. Instead, Mercedes-Benz used prior pay periods or reduced payroll estimates to avoid paying wages and proper overtime to these non-exempt hourly and salaried employees.

7. Mercedes-Benz pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

8. Mercedes-Benz made the economic burden of the Kronos hack fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

9. Mercedes-Benz's failure to pay wages, including proper overtime, for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

10. Click brings this lawsuit to recover these unpaid overtime wages and other damages owed by Mercedes-Benz to himself and Mercedes-Benz's other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos hack, but Mercedes-Benz's decision to make its own non-exempt employees workers bear the economic burden for the hack.

## JURISDICTION & VENUE

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Mercedes-Benz is headquartered in this District.

## PARTIES

13. **Plaintiff James Click** is a natural person.

14. Click was, at all relevant times, an employee of Mercedes-Benz.

15. Click has worked for Mercedes-Benz since November 1996.

16. Click's written consent is attached as Exhibit 1.

17. Click represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former hourly and salaried employees of Mercedes-Benz, who were non-exempt under the FLSA and who worked for Mercedes-Benz in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

18. Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Workers."

19. **Defendant Mercedes-Benz USA, LLC ("Mercedes-Benz")** is a foreign limited liability company.

20. Mercedes-Benz is headquartered in this District.

21. Mercedes-Benz may be served by service upon its registered agent, **CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046-4805**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

22. At all relevant times, Mercedes-Benz was an employer of Click within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all relevant times, Mercedes-Benz was and is an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. Mercedes-Benz was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. During at least the last three years, Mercedes-Benz has had gross annual sales in excess of $500,000.

26. Mercedes-Benz was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

27. Mercedes-Benz employs many workers, including Click, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

28. The goods and materials handled, sold, or otherwise worked on by Click, and other Mercedes-Benz employees and that have been moved in interstate commerce include, but are not limited to, automobiles and their component parts.

## FACTS

29. Mercedes-Benz manufactures and distributes luxury and commercial automobiles.

30. Many of Mercedes-Benz's employees are non-exempt hourly and salaried workers.

31. Since at least 2021, Mercedes-Benz has used timekeeping software and hardware operated and maintained by Kronos.

32. On or about December 11, 2021, Kronos was hacked with ransomware.

33. The Kronos hack interfered with the ability of its customers, including Mercedes-Benz, to use Kronos's software and hardware to track hours and pay employees.

34. Since the onset of the Kronos hack, Mercedes-Benz has not kept accurate track of the hours that Click and Similarly Situated Workers have worked.

35. Instead, Mercedes-Benz has used various methods to estimate the number of hours Click and Similarly Situated Workers work in each pay period.

36. For example, Mercedes-Benz issued paychecks based on scheduled hours or estimated hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

37. This means that employees who were non-exempt and worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

38. Even if certain overtime hours were paid, the pay rate would be less than the full overtime premium.

39. Many employees were not even paid their non-overtime wages for hours worked before 40 in a workweek.

40. Click is one of the employees affected by this decision by Mercedez-Benz and the resulting pay practice.

41. Instead of paying Click for the hours he actually worked (including overtime hours), Mercedes-Benz simply paid based on estimates of time or pay, or based upon arbitrary considerations **other than** Click's actual hours worked and regular pay rates.

42. In some instances, Click was paid portions of the overtime he worked, but the overtime rate he was paid was not at least 1.5 times his regular rate of pay, including required adjustments for shift differentials and non-discretionary bonsuses.

43. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in

a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

44. Mercedes-Benz knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

45. Mercedes-Benz knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

46. Mercedes-Benz could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

47. Instead of accurately tracking hours and paying employees their overtime, Mercedes-Benz decided to arbitrarily pay these employees, without regard to the overtime hours they worked or the regular rates at which they were supposed to be paid.

48. Even if it did pay any overtime to affected employees, Mercedes-Benz did not take into account shift differentials and non-discretionary bonuses, such that the overtime premium Mercedes-Benz did pay, if any, was not the full overtime premium owed under the law based on the employees' regular rate.

49. It was feasible for Mercedes-Benz to have its employees and managers report accurate hours so they could be paid the full and correct amounts of money they were owed for the work they did for the company.

50. But it chose not to do that.

51. In other words, Mercedes-Benz pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

52. Click is just one of the many Mercedes-Benz employees who had to shoulder the burden of this decision by Mercedes-Benz.

53. Click was a non-exempt hourly employee of Mercedes-Benz.

54. Click regularly worked over 40 hours per week for Mercedes-Benz.

55. Click's normal, pre-Kronos hack hours are reflected in Mercedes-Benz's records.

56. Since the Kronos hack, Mercedes-Benz has not paid Click for his actual hours worked each week.

57. Since the hack took place, Mercedes-Benz has not been accurately recording the hours worked by Click and its other workers.

58. Even when Mercedes-Benz has issued payment to Click for any overtime, the overtime is not calculated based on Click's regular rates, as required by federal law.

59. Mercedes-Benz was aware of the overtime requirements of the FLSA.

60. Mercedes-Benz nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Click.

61. Mercedes-Benz's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

62. The full overtime wages owed to Click and the Similarly Situated Workers became "unpaid" when the work for Mercedes-Benz was done—that is, on Click and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

63. At the time Mercedes-Benz failed to pay Click and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Mercedes-Benz became liable for all prejudcment interest, liquidated damages, penalties, and any other damages owed under federal and California law.

64. In other words, there is no distinction between late payment and nonpayment of wages under federal law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

65. Even if Mercedes-Benz made any untimely payment of unpaid wages due and owing to Click or the Similarly Situated Workers, any alleged payment was not supervised by the Department of Labor or any court.

66. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

67. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Mercedes-Benz's acts and omissions resulting in the unpaid wages in the first place.

68. Click and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by Mercedes-Benz under federal law.

### COLLECTIVE ACTION ALLEGATIONS

69. Click incorporates all other allegations.

70. Numerous individuals were victimized by Mercedes-Benz's patterns, practices, and policies, which are in willful violation of the FLSA.

71. Based on his experiences and tenure with Mercedes-Benz, Click is aware that Mercedes-Benz's illegal practices were imposed on the FLSA Collective.

72. The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

73. These employees are victims of Mercedes-Benz's respective unlawful compensation practices and are similarly situated to Click in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

74. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

75. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

76. Mercedes-Benz's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

77. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION—OVERTIME VIOLATIONS OF THE FLSA

78. Click incorporates each other allegation.

79. By failing to pay Click and the FLSA Collective members overtime at 1.5 times their regular rates, Mercedes-Benz violated the FLSA. 29 U.S.C. § 207(a).

80. Mercedes-Benz owes Click and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

81. Mercedes-Benz owes Click and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

82. Mercedes-Benz knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

83. Because Mercedes-Benz knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Mercedes-Benz owes these wages for at least the past three years.

84. Mercedes-Benz's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

85. Because Mercedes-Benz's decision not to pay overtime was not made in good faith, Mercedes-Benz also owes Click and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

86. Accordingly, Click and the FLSA Collective members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### RELIEF SOUGHT

Click prays for judgment against Mercedes-Benz as follows:

   a. For an order certifying a collective action for the FLSA claims;

   b. For an order finding Mercedes-Benz liable for violations of federal wage laws with respect to Click and all FLSA Collective members covered by this case;

   c. For a judgment awarding all unpaid wages, liquidated damages, and penalties, to Click and all FLSA Collective members covered by this case;

   d. For a judgment awarding attorneys' fees to Click and all FLSA Collective members covered by this case;

   e. For a judgment awarding costs of this action to Click all FLSA Collective members covered by this case;

   f. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Click and all FLSA Collective members covered by this case; and

   g. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: _____
*/s/ Andrew R. Frisch*

**Andrew R. Frisch, Esq.**
Georgia Bar No. 366105
**MORGAN & MORGAN, P.A.**
8151 Peters Rd., Ste. 4000
Plantation, FL 33324

Telephone: (954) WORKERS
Facsimile: (954) 327-3013
Email: afrisch@forthepeople.com

**C. Ryan Morgan, Esq.**
Georgia Bar No. 711884
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 16th Floor
PO Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: rmorgan@forthepeople.com

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**